IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01822-BNB

FELIX PAUL OLGUIN, SENIOR,

Applicant,

v.

SUSAN JONES, CSP Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 07 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED APPLICATION

---

Applicant, Felix Paul Olguin, Senior, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the § 2254 application was deficient because it was not submitted on the proper, Court-approved form. Mr. Olguin has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Olguin's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Olguin will be ordered to file an amended application.

Mr. Olguin has failed, within the time allowed, to submit an amended application

as directed on the proper, Court-approved form. Instead, on August 17, 2010, he submitted an unintelligible motion (docket no. 7) titled "Motion to Collect Mistakes Under and Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Combined With My Declaration Under Penalty of Perjury." On August 26, 2010, he submitted a 164-page brief (docket no. 13) in support of a motion for a temporary restraining order and preliminary injunction and a 184-page exhibit (docket no. 14). However, the action will not be dismissed, at this time, based on Mr. Olguin's failure to submit an amended application on the proper, Court-approved form within the time allowed.

Mr. Olguin's filings are generally unintelligible and unreadable. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The application Mr. Olguin has filed, as well as his other handwritten papers, are difficult to read because they are barely legible and single-spaced. The amended application Mr. Olguin will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

The amended application Mr. Olguin will be directed to file also must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief,

and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases requires Mr. Olguin to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Mr. Olguin must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Olguin will be directed to file an amended application that complies with D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Olguin is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Olguin may not refer to or rely upon attachments or documents external to his amended application to explain his asserted claims or to provide support for the asserted claims. Accordingly, it is

ORDERED that Applicant, Felix Paul Olguin, Senior, **within thirty days from the date of this order**, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Olguin's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street,


Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Olguin, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Olguin fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED September 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01822-BNB

Felix Paul Olguin
Prisoner No. 76704
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 9/7/10

                                              GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                   Deputy Clerk